■ In the Matter of the Estate of MENDEL ROSENZWEIG, Deceased. PHILIP ROSENZWEIG et al., as Coexecutors of MENDEL ROSENZWEIG, Deceased, Appellants; MAE BELLACH, Respondent.— In a proceeding to judicially settle an account of the three executors of this decedent's estate, in which one of them interposed objections to the account in her individual capacity, the other two appeal from an order of the Surrogate's Court, Kings County, dated January 27, 1966, which denied their motion to strike out said objections and granted the cross motion of said objectant for a determination that her objections were timely filed. Order reversed, appellants' motion granted and cross motion denied, with $20 costs and disbursements payable by respondent personally. The denial of the motion to strike out the objections and the allowance of the belated filing of respondent's objections on a *nunc pro tunc* basis was an improvident exercise of discretion. Respondent, who is the widow of the testator and a coexecutrix, joined in the filing of the executors' account on October 17, 1962. In an order dated September 14, 1964, the former Surrogate directed that her objections, if any, would have to be filed within 30 days after service of that order. This court, by order dated November 17, 1964, denied a motion to stay the provisions of that order, thus vitiating the temporary stay which had been included in the show cause order dated October 26, 1964. Subsequently, this court affirmed the September 14, 1964 order, without granting the present respondent any extension of time for filing objections (*Matter of Rosenzweig*, 24 A D 2d 705, decided July 19, 1965). Under these circumstances, respondent is effectively barred from a late filing of her objections to the account and she ought not to have been relieved of her failure to meet the judicially-prescribed time limitation. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THOMAS MEADE, Plaintiff, v. ELFREDA HOFFMAN et al., Defendants. (Action No. 1.) ELFREDA HOFFMAN, Respondent, v. HERBERT I. ACKERMAN, Appellant. (Action No. 2.) — Order of the Supreme Court, Westchester County, dated April 16, 1966, modified (1) by striking therefrom the provisions restoring Action No. 2 to the Trial Calendar and (2) by substituting therefor a provision adhering to the court's prior order, dated February 1, 1966, which denied such relief. As so modified, order affirmed, with $10 costs and disbursements payable to appellant. Respondent's original motion to open her default and to restore the action to the Trial Calendar was made more than three years after the action had been dismissed, upon the failure of her attorney to appear at successive pretrial conferences, and considerably more than one year after her attorney learned of the dismissal. Under the circumstances, in our opinion, it was an improvident exercise of the Special Term's discretion to grant respondent relief from her default. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES SMITH, Appellant.— Order of the Supreme Court, Queens County, dated January 13, 1966, modified, on the law and the facts, by adding thereto a provision that the denial of the *coram nobis* application is without prejudice to the prosecution of another such proceeding upon proof, by affidavit of the attorney who represented appellant at the time of the change of plea, that a promise had been made by the District Attorney that appellant would receive a suspended sentence. As so modified, order affirmed. In our opinion, appellant should not be foreclosed from presenting proper proof in support of his claim, if he can procure such proof. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.